IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAROLD F. THIES JR., ) | |
| ) | |
| Plaintiff, ) | 4:05CV3303 |
| ) | |
| v. ) | |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | MEMORANDUM AND ORDER |
| Jo Anne B. Barnhart, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is an action for judicial review of a final decision of the Secretary of Health and Human Services. Jurisdiction of this court is pursuant to 42 U.S.C. § 405 (g). Plaintiff filed an application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, on September 11, 2002.[1] An administrative law judge (ALJ) denied plaintiff's request for benefits on June 14, 2004. The Commissioner of Social Security denied plaintiff's claim for benefits thereafter. Plaintiff filed this action alleging the defendant failed to adequately consider plaintiff's residual functional capacity (RFC), failed to consider his subjective complaints of pain and other nonexertional impairments, and posed an inappropriate hypothetical question to the vocational expert (VE). The court has carefully reviewed the record, including the Social Security transcript, Filing Nos. 14 and 19, as well as the parties' briefs and the relevant caselaw. The court concludes that the ALJ's

---

[1] Plaintiff filed his first application for disability benefits on January 10, 2000, alleging onset beginning September 15, 1998. The ALJ found against the plaintiff on January 17, 2001, and plaintiff did not appeal this ruling. Now before the court is plaintiff's second application for disability benefits.

decision is not supported by substantial evidence on the record as a whole and shall be remanded for further consideration.

## LEGAL STANDARD

A disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505.  A claimant is disabled when the claimant is "not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in [significant numbers in] the national economy . . . either in the region in which such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

An ALJ evaluates a disability claim according to a five-step sequential analysis prescribed by Social Security regulations.  The ALJ examines

> any current work activity, the severity of the claimant's impairments, the claimant's residual functional capacity and age, education and work experience.  *See* 20 C.F.R. § 404.1520(a); *Braswell v. Heckler*, 733 F.2d 531, 533 (8th Cir. 1984).  If a claimant suffers from an impairment that is included in the listing of presumptively disabling impairments (the Listings), or suffers from an impairment equal to such listed impairment, the claimant will be determined disabled without considering age, education, or work experience.  *See Braswell*, 733 F.2d at 533.  If the Commissioner finds that the claimant does not meet the Listings but is nevertheless unable to perform his or her past work, the burden of proof shifts to the Commissioner to prove, first, that the claimant retains the residual functional capacity to perform other kinds of work, and second, that other such work exists in substantial numbers in the national economy. *See Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000).  A claimant's residual functional capacity is a medical question. *See id.* at 858.

*Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000).

When reviewing the decision not to award disability benefits, the district court does not act as a fact-finder or substitute its judgment for the judgment of the ALJ or the Commissioner. *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995). Rather, the district court will affirm the Commissioner's decision to deny benefits if it is supported by substantial evidence in the record as a whole. *Eback v. Chater*, 94 F.3d 410, 411 (8th Cir. 1996). Under this standard, substantial evidence means something "less than a preponderance" of the evidence, *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998), but "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Ellison v. Sullivan*, 921 F.2d 816, 818 (8th Cir.1990). "Substantial evidence is that which a reasonable mind would find as adequate to support the ALJ's decision." *Brown v. Chater*, 87 F.3d 963, 964 (8th Cir. 1996) (citing *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996)).

In determining whether the evidence in the record as a whole is substantial, the court must consider "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). If the court finds that the record contains substantial evidence supporting the Commissioner's decision, the court may not reverse the decision because the record also contains substantial evidence that supports a different outcome or because the court would have decided the case differently. *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001).

**DISCUSSION**

*A. Background*

Plaintiff was 51 years of age at the time of the hearing. After the onset of his disability and following surgery, he went back to school and graduated from Southeast Community College in June 2002, with an associate's degree in nondestructible testing.

3

Plaintiff stated that he attempted to find jobs after his graduation, but he was unsuccessful because of his back trouble. He alleges back pain and nerve problems as a result of a work injury. His past work history includes warehouse worker, heavy equipment operator, correctional officer, production helper and machine operator. He has undergone back surgery and physical therapy, and he has taken pain medications for years, particularly Oxycontin and Vicodin. He alleges these medications make him sleepy. Plaintiff testified that he watches television, reads the paper, and watches his grandson after school. Plaintiff's neighbor, Charlotte Jackson, indicated that plaintiff works on cars and hunts with his dog, and she did not believe he was unable to work. Tr. at 99-100. She also stated that possibly plaintiff's pain was worse than she knew. *Id.*

Dr. Steven Saathoff treated plaintiff, and on March 26, 2001, noted that plaintiff walked in pain. He put plaintiff on Oxycontin and Vicodin. According to plaintiff, the pain medications helped with the pain. Thereafter, on November 5, 2002, Dr. James Blomgrent treated plaintiff. At that time plaintiff used a cane. Dr. Blomgrent noted tenderness and minimal spasm and a slight increase in the lower back lordosis and upper back kyphosis. Dr. Blomgrent opined that plaintiff is limited in his ability to work, but the ALJ noted that no specific functional limitations were considered. Tr. at 17. In late 2002 or early 2003, plaintiff's pain medications were increased. On January 9, 2003, plaintiff told Dr. Saathoff that the medication made most of his pain tolerable. Plaintiff received a fifteen percent loss of earning power and temporary workers' compensation benefits on December 30, 2003. He then went to Michael McKeeman, a medical/vocational rehabilitation consultant, for a vocational evaluation on April 16 and 28, 2004. Mr. McKeeman opined that plaintiff should not do jobs that required use of his hands and feet as "critical criterion." Dr.

4

Saathoff diagnosed plaintiff on January 9, 2003, with "failed back syndrome." Tr. at 216. The ALJ discounted this diagnosis, observing no diagnostic studies existed to support the finding. Tr. at 18.

The ALJ determined that plaintiff had severe back and leg pain related to degenerative disc disease at L5-S1, status post discectomy, interbody arthrodesis and anterior instrumentation, and cervical spine disc bulging/disc protrusion at C5-6, such that plaintiff could not return to his past relevant work. The ALJ noted that none of plaintiff's treating physicians have rendered opinions that he is unable to work. Tr. at 18.

William Tucker, a vocational expert (VE), testified at the hearing. The ALJ asked the VE to assume that plaintiff required an at-will sit/stand option. The VE testified that there existed light duty jobs in significant numbers that the plaintiff could perform, such as an assembler of small products, inspector and hand packager and marker and labeler.

### B. RFC

Plaintiff first argues that the ALJ wrongly assessed his residual functional capacity. To determine RFC, an ALJ must determine that which a plaintiff can do in the work force day in and day out. *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982). The ALJ's "RFC assessment must include a discussion of the individual's abilities on that basis." SSR 96-8p. Plaintiff argues that the ALJ fails to consider the ability of the plaintiff to sustain a level of activity needed for the work environment. The ALJ, argues plaintiff, notes that plaintiff used a cane while in the doctor's office, Tr. at 18 and 216, but fails to consider how the use of that cane would affect the plaintiff's ability to carry up to twenty pounds.

Plaintiff contends that the ALJ failed to show that he has the RFC to do regular and sustainable work on a continuing basis. Plaintiff argues that the ALJ focused on issues

such as the fact that plaintiff did not see a specialist and received minimal post-surgical care, rather than considering whether he could do light work. In addition, the ALJ failed to consider plaintiff's inability to bend, which excludes substantial numbers of light jobs that require stooping or bending. Plaintiff's physical therapist recommended that plaintiff "never bend," Tr. at 155, and have very limited repetitions. Tr. at 162. Further, plaintiff states that most of his daily activities involve very little lifting. Consequently, the plaintiff argues that he cannot perform any light work, and because of these same reasons, he is not capable of performing any sedentary work. Plaintiff contends that the ALJ relied on plaintiff's daily activities as a basis for finding he could meet the demands of full-time light work. This violates SSR 96-7p, argues plaintiff, which requires an ALJ to (1) look at the daily activities to determine if they are structured in such a way as to minimize symptoms, and (2) not draw inferences from the failure to seek additional and regular medical treatment without first asking plaintiff why he does not seek more treatment.

      The defendant points out that light work is defined as lifting no more than ten pounds frequently and twenty pounds occasionally, a good deal of walking or standing, or if sitting, some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567. The defendant contends that these light jobs, and particularly the ones espoused by the VE, do not require significant bending. The ALJ specifically found that plaintiff could perform "light work on a sustained basis" as "supported by the objective clinical findings in the treating physicians' records." Tr. at 20. The court disagrees. The ALJ admits the PT assessed functional limitations, but the ALJ concludes that objective findings did not exist to support the reported severity. Tr. at 19. However, there is evidence that plaintiff has functional limitations such as bending. The record also reveals plaintiff used a cane. The

ALJ discounted such use as no evidence existed that such use was medically required, particularly where the plaintiff could get on and off the examining table without assistance. Tr. at 18.  But even if the cane was required, the ALJ determined on his own accord that such use would not change plaintiff's ability to do light work.  However, the ALJ did not question the plaintiff regarding his use of a cane.  Further, the ALJ did not discern whether the available jobs testified to by the VE could be performed by someone who uses a cane and who could not bend, or as discussed hereinafter, one who was in pain and took pain medications. Accordingly, the court agrees with the plaintiff that the ALJ failed to adequately determine plaintiff's RFC given his limitations.

### C.  Pain and credibility

The standard, in the Eighth Circuit, for evaluating a claimant's subjective complaints of pain in Social Security cases is *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). According to the Eighth Circuit, an ALJ may not disregard a plaintiff's subjective complaints solely because the objective medical evidence does not fully support them:

> Absence of objective medical basis supporting the degree of severity of claimant's subjective complaints alleged is just one factor to be considered in evaluating credibility of testimony and complaints; [ALJ] must give full consideration to all of the evidence presented relating to subjective complaints, including the [plaintiff's] prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the [plaintiff's] daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The [ALJ] is not free to accept or reject the [plaintiff's] subjective complaints *solely* on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the record as a whole.

*Polaksi v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (emphasis in original). "Pain is recognized as disabling when it is not remediable and precludes a claimant from engaging in form of substantial gainful activity; the mere fact that working may cause pain or discomfort does not mandate finding of disability." *Cruse v. Bowen*, 867 F.2d 1183, 1183 (8th Cir. 1989) (citations omitted).

"Not all pain reaches a level [at] which it is disabling. The claimant's level of care is not consistent with an individual who alleges the severity of her complaints." *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). "While the ALJ may not discount a [social security disability] claimant's complaints solely because they are not fully supported by objective medical evidence, [a claimant's] complaints may be discounted based on the inconsistencies in the record as a whole." *Ellis v. Barnhart*, 392 F.3d 988, 996 (8th Cir. 2005). "Allegations of disabling pain [made by claimant seeking social security disability benefits] may also be discredited by evidence that claimant has received minimum medical treatment and/or has taken only occasional pain medications." *Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir. 1998).

With regard to pain, plaintiff argues that the ALJ contradicts himself. The ALJ first notes that plaintiff has severe pain, Tr. at 15, and then he concludes that there is no medical documentation for the pain that would significantly compromise the plaintiff's ability to perform work requirements. Tr. at 19. The ALJ found minimal restrictions on plaintiff's ability to perform light work activity. At the time of the hearing, plaintiff was taking 80 mg of Oxycontin twice a day, he used Vicodin when needed, and he took something similar to Ibuprofen. Again, plaintiff argues that the ALJ failed to discuss how pain would affect

8

plaintiff's ability to do sustained work. The ALJ, argues plaintiff, also failed to consider the effect the pain medicines have on plaintiff's ability to work. The court agrees with the plaintiff. The court finds the ALJ erred in not adequately considering the medicines and the quantity of medicines taken by the plaintiff and how these medications affect his ability to do light work. On remand, the ALJ should consider plaintiff's allegations of pain, the medications he takes for the pain, the effects of these medications, and how such pain and medication would affect his ability to do certain jobs.

### D. Hypothetical Question

To assist an ALJ making a disability determination, a vocational expert ("VE") is many times asked a hypothetical question to help the ALJ determine whether a sufficient number of jobs exist in the national economy that can be performed by a person with a similar RFC to the claimant. A hypothetical question is properly formulated if it incorporates impairments "supported by substantial evidence in the record and accepted as true by the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). "[A] vocational expert's responses to hypothetical questions posed by an ALJ constitutes substantial evidence only where such questions precisely set forth all of the claimant's physical and mental impairments." *Wagoner v. Bowen*, 646 F. Supp. 1258, 1264 (W.D. Mo. 1986) (citing *McMillian v. Schweiker*, 697 F.2d 215, 221 (8th Cir.1983)). Courts apply a harmless error analysis during judicial review of administrative decisions that are in part based on hypothetical questions. For judicial review of the denial of Social Security benefits, an error is harmless when the outcome of the case would be unchanged even if the error had not occurred. *See Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003). Because a VE's

testimony may be considered substantial evidence "only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies." *Taylor v. Chater*, 118 F.3d 1274, 1278 (8th Cir. 1997) (*citing Porch v. Chater*, 115 F.3d 567, 572-73 (8th Cir. 1997), *and Pickney v. Chater*, 96 F.3d 294, 297 (8th Cir. 1996)), the court finds that the VE's testimony was not substantial evidence.

The plaintiff contends that the ALJ posed inappropriate hypothetical questions to the VE.  Plaintiff argues that the ALJ failed to ask the VE to consider his pain, limited range of motion and sciatica as expressed by Dr. Blomgrent, Tr. at 202, his sleep patterns, his reaction to the pain medications, his inability to bend, his hand problems[2], and his inability to do repetitions. Plaintiff also argues that all of the jobs cited by the ALJ require mental alertness.  Plaintiff argues that his medications often cause him to not be alert.  Also, because of his pain he sleeps several hours, several times a day.  Defendant contends that a hypothetical question need only contain those restrictions that the ALJ finds credible. The ALJ did not find the bending, alertness, or hand function complaints credible.  The defendant argues that the ALJ properly discredited the allegations that the medication has side effects for plaintiff, as the record does not support such a claim.  The court disagrees. There is no way that plaintiff's pain medications do not cause drowsiness and loss of alertness to some degree.  The ALJ must develop the record in this regard.  The ALJ must present the VE with evidence regarding plaintiff's pain, medications and side effects, and his limited range of motion.  The ALJ failed to pose a hypothetical question to the VE that "captures the concrete consequences of a claimant's deficiencies." *Taylor,* 118 F.3d at

---

[2]The court agrees with the ALJ that the record is void of any significant medical evidence that plaintiff's 1972 or 1973 broken right hand in any way hampers his abilities to perform work activities.

1278. On remand, the ALJ should ask an appropriate hypothetical to the VE that includes all of plaintiff's credible complaints.  Depending on the evidence adduced on remand, the ALJ should also consider developing the record as to sedentary work that might be available to the plaintiff.

THEREFORE, IT IS ORDERED that this case is remanded to the defendant for further proceedings consistent with this Memorandum and Order.  The Clerk's Office is directed to close this case for statistical purposes.

DATED this 3rd day of January, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief U.S. District Judge