IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAROLD F. THIES, JR., ) | |
| ) | |
| Plaintiff, ) | 4:05CV3303 |
| ) | |
| v. ) | |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | ORDER |
| Michael J. Astrue, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Harold F. Thies, Jr.'s ("plaintiff") motion for attorney fees, Filing No. 35, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2007). Pursuant to sentence four of 42 U.S.C. § 405(g), the court entered an order and judgment reversing the Administrative Law Judge and remanding the case to defendant for further proceedings.[1] Filing No. 34. Thereafter, plaintiff filed this motion for attorney fees with accompanying exhibits. Filing Nos. 35, 37. Plaintiff requests compensation for a total of 105 hours, representing 44.05 hours of attorney work and 60.2 hours of paralegal and law clerk time, for a total of $8,460.35. The Social Security Administration ("defendant") filed a response stating that it did not contest the award of attorney fees, but did object to the amount requested. Filing No. 36.

A prevailing litigant may recover an award of attorney fees under the EAJA, which permits courts to award reasonable attorney fees when the Commissioner's position in the action was not substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir.

---

[1] Sentence four grants the court remand power after the court finds that the agency erred in some respect in reaching a decision to deny benefits. *Van v. Barnhart*, 2007 U.S. App. LEXIS 4142 (9th Cir. 2007).

2005); *Brouwers v. Bowen,* 823 F.2d 273, 275 (8th Cir. 1987); 28 U.S.C. § 2412(d)(1)(A). To establish substantial justification, the Commissioner must show the denial had a reasonable basis in law and fact. *Goad*, 398 F.3d at 1025; *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). The Commissioner has the burden of proving that its position was substantially justified, or that special circumstances make an award of attorney fees and expenses unjust. *Koss v. Sullivan*, 982 F.2d 1226, 1228-29 (8th Cir. 1993); 28 U.S.C. § 2412(d)(1)(A). Furthermore, the EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A),(2)(B); *United States SEC v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004).

Attorney fees awarded pursuant to the EAJA are paid by the agency over which the litigant prevails. 28 U.S.C. § 2412(d)(4). "EAJA fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate[.]" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quotations omitted). Fees awarded under the EAJA shall not exceed an hourly rate of $125, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). This court adheres to the standard that absent unjust or improper circumstances, a cost-of-living increase should be awarded where the litigant presents uncontested proof of an increase in the cost of living. *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

"Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a

lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The attorney seeking EAJA fees must demonstrate reasonableness of those fees by submitting an EAJA application that details the role of the individuals in the litigation and the tasks assigned to each person. *See Baldridge v. Nicholson*, 19 Vet. App. 227, 239 (U.S. App. Vet. Cl. 2005). This prevents the award of EAJA fees for duplicative work and redundant hours. *Baldridge*, 19 Vet. App. at 237. Work performed by a paralegal may be included in a request for EAJA fees, but purely clerical or secretarial tasks should not be billed at a lawyer or paralegal rate. *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989). "Tasks that are clerical in nature are not compensable as attorney's fees. In addition, attorney time that is purely clerical in nature should not be billed." *Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 977 (D. Iowa 2004). District courts are empowered with great discretion to adjust an EAJA award. *Comm'r v. Jean*, 496 U.S. 154, 161 (1990). Courts should, however, provide a concise, clear explanation of its reasons for the fee award. *Hensley*, 461 U.S. at 437.

Plaintiff's counsel initially requested fees in the amount of $7,035.08, representing 36.95 hours of attorney time, billed at an hourly rate adjusted monthly that varies between $157.98 and $163.69. Also included in this fee amount is 49.95 hours billed by two paralegals and a law clerk, at hourly rates of $25.00, $15.00, and $15.00 respectively. Included with plaintiff's counsel's reply brief are exhibits representing supplemental itemization for time counsel and counsel's paralegal spent preparing the reply brief on attorney fees. Counsel requests an additional 7.1 hours of attorney time at an hourly rate

of $162.01 and 11 hours of paralegal time at $25.00 hourly, for a total of $1,425.27.[2] By the court's own calculation, plaintiff's counsel requests a total EAJA fee award of $8,460.35, representing 105 hours of attorney, paralegal, and law clerk time spent on this case.[3] The Commissioner does not specifically contest the hourly rates claimed for attorney time, law clerk, or paralegal time, and the court finds that the rates requested are reasonable.

Generally, EAJA fee awards are allowed for up to 30 billable hours of attorney time in a fully-briefed Social Security appeal; an opening brief generally should not require more than 24 billable hours of attorney time and a reply brief generally should not require more than 6 billable hours of attorney time. *See Michaelsen v. Barnhart*, 4:04-cv-03299 (March 21, 2006). Here, counsel initially requested 36.95 hours of attorney time, and the court does not find that this amount is unreasonably outside the range of fees normally requested in a social security case. Given that counsel did not represent plaintiff until plaintiff's request for reconsideration was denied, and thus, counsel was required to spend more time reviewing the record and ALJ's decision, the court will order reimbursement of the full 36.95 hours of attorney time for which reimbursement was initially sought.

Turning now to the law clerk and paralegals' time spent on this case, the court takes note of plaintiff's counsel's affidavit wherein he indicates that because he is blind, he requires sighted assistance in order to access printed material. Plaintiff's counsel notes

---

[2] The court believes that counsel has incorrectly computed its supplemental itemization totals. Total attorney time of $1,150.27 and total paralegal time of $275.00 added together yields a total of $1,425.27, not $1,150.27 as counsel has requested for his additional EAJA amount.

[3] $7,035.08 + $1,425.27 = $8,460.35; Attorney time (36.95 + 7.1) + Paralegal/Lawclerk time (49.95 + 11) = 105 hours.

that time he receives sighted assistance is included as attorney time, and he does not request reimbursement for the law clerk or paralegal time expended on providing such assistance. Therefore, the court need not deduct any amounts from the paralegal/law clerk time for providing sighted assistance.

In response to the Commissioner's three-page response to "Plaintiff's attorney's request for attorney fees," Filing No. 36, plaintiff's counsel submitted a reply brief that is almost fourteen pages long. Filing No. 37. Plaintiff's billing itemization exhibit shows that counsel and counsel's paralegal spent 18.1 hours between February 19, 2007 and February 23, 2007, for a total charge of $1,425.27. The court finds that this amount of time devoted to the reply brief was unnecessary and the arguments raised could have been discussed more succinctly. There exists "a point at which thorough and diligent litigation efforts become overkill." *Oklahoma Aerotronics, Inc. v. United States*, 943 F.2d 1344, 1347 (D.C. Cir. 1991). The court finds that 18.1 hours spent preparing a fourteen-page brief in response to a three-page brief is unreasonable. Therefore, the court will reduce the amount of time requested for preparation of the reply brief to six hours of attorney time for a total of $972.06. The court disallows payment of the eleven hours of paralegal time as excessive.

Furthermore, in plaintiff's counsel's itemization, he notes that he did not keep records for the time he spent writing the reply brief in support of plaintiff's position, Filing No. 33. Based on notes kept by a paralegal and due to the length of the brief, counsel estimates his time spent on the brief at 7.5 hours. As noted previously, six hours is typically the amount of time spent on writing a reply brief. Given that counsel did not keep accurate records for delineating his time spent on this brief, the court finds that an

adjustment of 1.5 hours is warranted. Accordingly, 1.5 hours will be reduced from counsel's initial requested amount ($7,035.08), at an hourly rate of $162.89, for an reduction amount of $244.34. The remaining amount is $6,790.74, and this amount added together with $972.06 for writing the reply brief on attorney fees, warrants a total EAJA fee award of $7,762.80.

After carefully reviewing the record and, in particular, the itemized amounts set forth in the exhibits, Filing No. 35, Attachment 1, and Filing No. 37, Attachment 1, the court concludes the remaining hours of work spent on this case is reasonable. Plaintiff's net worth did not exceed two million dollars at the time the action was filed, and there is no question that the fees sought were incurred in the same action in which plaintiff prevailed. As the court noted in its previous memorandum and order, the ALJ's finding that plaintiff is not disabled is not supported by substantial evidence on the record as a whole. Filing No. 34. Accordingly, the court concludes that the defendant was not substantially justified, plaintiff is a prevailing party, and an award of attorney fees in the amount of $7,762.80 is reasonable and warranted.

THEREFORE, IT IS ORDERED that plaintiff's motion for attorney fees, Filing No. 35, is granted in part and denied in part as set forth herein. Plaintiff is awarded attorney fees in the amount of $7,762.80.

DATED this 20th day of April, 2007.

BY THE COURT:

s/Joseph F. Bataillon
Chief United States District Judge