IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAROLD F. THIES, JR., ) | |
| ) | |
| Plaintiff, ) | 4:05CV3303 |
| ) | |
| v. ) | |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | MEMORANDUM AND ORDER |
| Michael J. Astrue, Commissioner, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Harold F. Thies, Jr.'s motion for attorney fees under 42 U.S.C. § 406(b). Filing No. 39. In 2007, the court entered an order awarding attorney fees in this case in the amount of $7,762.80 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2007). Filing No. 38. Plaintiff Harold Thies, Jr., had entered into an agreement that provides his attorney, Stephen Speicher, with payment not to exceed 25 percent of the past-due benefits awarded to Mr. Thies. Filing No. 40, Exhibit 1. Mr. Speicher alleges in his affidavit that Mr. Thies's total award of past-due benefits is $76,304. Filing No. 40, Exhibit 4. Mr. Speicher seeks compensation under 42 U.S.C. § 406(b) in the amount of $18,872.80,[1] which is less than 25 percent of the past-due benefits.[2] Filing No. 39. Defendant has no specific objections to such an award. Filing No. 46.

---

[1] Mr. Speicher includes in this amount $5,300 that has already been paid to him by defendant for work at the administrative level. Filing No. 40, Exhibit 4.

[2] Twenty-five percent of past due benefits would be $76,304 / 4 = $19,706. Filing No. 39. Mr. Speicher alleges that he is asking for slightly less than 25 percent of past-due benefits, giving Mr. Thies a "helpfulness reduction," because of Mr. Thies's "helpfulness in prosecuting his claim." Filing No. 40, Exhibit 4.

Under both the EAJA and 42 U.S.C. § 406(b), courts may award attorney fees to prevailing claimants and their attorneys. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). A double recovery, however, is not permitted. When both awards are granted, the attorney must refund the lesser award to the client. *Id*. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id*. (quotations and ellipses omitted).

The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" *Id*. at 805, quoting Department of Health and Human Services, Social Security Administration, Office of Hearings and Appeals, Report to Congress: Attorney Fees Under Title II of the Social Security Act 15, 66, 70 (July 1988). Fees under § 406(b) satisfy a client's obligation to counsel; therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. 42 U.S.C. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2007).

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. However, a contingency-fee agreement that provides for fees in excess of the boundary imposed by Congress, 25 percent of past-due benefits, is *per se* unreasonable. *See id*.; 42 U.S.C. § 406(b)(1)(A). Even if the contingency-fee agreement is at or below the 25 percent boundary, "the attorney for the

2

successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

District courts are tasked with the responsibility of conducting an "independent check" to ensure the fee award is reasonable. *Id*. A court should determine whether a downward adjustment of an attorney's recovery is appropriate "based on the character of the representation and the results the attorney achieved." *Id*. at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment "[i]f the award of benefits is large in comparison to the amount of time counsel spent on the case." *Id*.

The court, having reviewed this case in light of *Gisbrecht*, is required to give primacy to the contingent-fee agreement. Here, the agreement calls for a fee of 25 percent of past-due benefits, the same benchmark percentage permitted by statute. *See* Filing No. 40, Exhibit 1; 42 U.S.C. § 406(b)(1)(A). The court finds that Mr. Speicher is not responsible for any delay allowing him to "profit from the accumulation of benefits during the pendency of the case in court," nor are the benefits "large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. (Mr. Speicher alleges to have spent 36.95 hours working on the substance of this matter. Filing No. 41.) The court finds that Mr. Speicher achieved a favorable result for Mr. Thies and bore the risk of no payment under the contingency-fee agreement had Mr. Thies not been successful. Mr. Speicher persuasively argues in his brief that his fee is "well within the range" of several cited awards in other § 406(b) cases. Filing No. 41. In accordance with *Gisbrecht*, the court concludes that plaintiff's counsel has met the burden of showing the reasonableness of the fees requested under 42 U.S.C. § 406(b).

Since an attorney cannot collect both EAJA fees and § 406(b) fees, the amount of the EAJA fees already awarded to Mr. Speicher, $7,762.80, must be subtracted from the § 406(b) fees. In addition, Mr. Speicher requests that the $5,300 already awarded to him for work done at the administrative level also be subtracted from the § 406(b) fees. Filing No. 40, Exhibit 4. After these deductions, the net § 406(b) award to Mr. Speicher is $5,810.[3]

After carefully reviewing the record, the court concludes that a net 42 U.S.C. § 406(b) fee award in the amount of $5,810 is reasonable and Mr. Thies's motion is granted in the amount of $5,810.

THEREFORE, IT IS ORDERED:

1. Mr. Thies's motion for attorney fees, Filing No. 39, is granted in the amount of $5,810, to be paid to Mr. Speicher out of the sum withheld by the Commissioner from Mr. Thies's past-due benefits.

2. After the $5,810 payment to Mr. Speicher, the balance of the past-due benefits shall be released by the Commissioner to Mr. Thies.

DATED this 25th day of June, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[3] In his motion for attorney fees under § 406(b), Mr. Thies incorrectly states that the EAJA award was $7,072.80, instead of $7,762.80, thus increasing the net § 406(b) award for Mr. Speicher to $6,500. Filing No. 40, Exhibit 4. If the court were to award a net § 406(b) award of $6,500, the total attorney award would be $7,762.80 + $5,300 + $6,500 = $19,562.80, which exceeds 25% of past due benefits and erases the "helpfulness reduction."